UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re

Kenneth Daryle Rodriguez

    Debtor                                                No. 11-10-14645 JA

Denise Comstock fka Denise Rodriguez

    Plaintiff

v.

                                                       Adv. 10-1206-J

Kenneth Daryle Rodriguez

    Defendant

## Motion for Summary Judgment
## And Memorandum in Support

Comes Now the Defendant, the Debtor Kenneth Daryle Rodriguez (hereinafter "Debtor") through counsel, moving for summary judgment, and states as follows:

## Motion for Summary Judgment

A. The Debtor acknowledges, and has always been willing to stipulate, that the debt complained of is non-dischargeable pursuant to Code § 523(a)(15). The Debtor will propose a plan that pays, not discharges, this debt.

B. The Debt is clearly one for property division, and not for support, and therefore it does not fall within the provision of Code § 523(a)(5).

C. Whether the debt is a Code § 523(a)(5) debt also determines if the debt is a Code § 507(a)(1) debt. Therefore, whether the debt is a section 523(a)(5) or 523(a)(15) has important ramifications for developing and confirming a Chapter 11 plan.

D. Unlike the Chapter 11 plan significance of the difference between Code § 523(a)(5) and § 523(a)(15), it would add virtually nothing to this bankruptcy case if the debt were also determined to be a Code § 523(a)(2), (4) or (6) debt. Therefore, that allegation raises a hypothetical question and a request for an advisory opinion. There is no "case or controversy' jurisdiction over that question under the circumstances of this case. The Court should dismiss, or abstain from, that claim without prejudice to the claim being raised in a Chapter 13 proceeding in the unlikely event the case were ever to get converted.

WHEREFORE, the Court should rule that the complaint raises a claim under Code § 523(a)(15), and not one under § 523(a)(5), and that the claim under 523(a)(2), (4) or (6) does not represent a judiciable controversy given the Debtor's stipulation to non-dischargeability under Code § 523(a)(15).

Memorandum in Support of Motion for Summary Judgment

I. Statement of Undisputed Material Facts

1. The Documents attached to this Motion and Memorandum as Exhibits A, B, C, D and E are true and correct copies of the original court or public documents. The Debtor will acquire certified copies if this fact is disputed.

2. The complaint which commenced this adversary proceeding relates to debts that arose out of Exhibit A, the Partial Marital Settlement Agreement ("MSA") and the Order dated December 21, 2009 relating to Debtor's disbursal of various retirement funds outlined in Exhibit A, Article III of the MSA.

3. The contempt order referenced in Paragraph 7 of the complaint and the bench warrant referenced in Paragraph 9 of the Complaint relate to subsequent orders of the state court for the Debtor to make payments on the Debt created in Exhibit B.

4. The alimony issues in the state court action were heavily contested and went to trail. The final decree containing the alimony provisions is attached here as Exhibit C. The state court's findings of fact and conclusions of law relating to alimony are attached hereto as Exhibit D.

5. The Plaintiff, as stated in Exhibit D, paragraph 11, is young, healthy and well-educated. She is currently 42 years old.

6. Plaintiff is currently a student teacher with Albuquerque Public Schools and will soon obtain her degree which should enable her to become a school teacher within the next 12 to 18 months.

7. Public school teachers generally have good retirement programs.

8. As stated in the findings of fact, Exhibit D, the trial related to "alimony, child support, division of Dr. Rodriguez' credit card debt; custody, time-sharing and an award of attorney's fees and costs." Exhibit D, paragraph 6.

9. As stated in the findings of fact, Exhibit D, the parties reached "a Mediated Agreement . . . in relation to the division of all of the property . . . ." Paragraph 4. The Division of property in the Mediated Agreement was rolled into the MSA, Exhibit A.

10. The parties were married eight years at the time of separation and a total of ten years before a partial (bifurcated) decree of divorce was entered. Dr. Rodriguez was ordered to pay $4000 per month of alimony for 37 months. Exhibit D, Conclusions of Law, paragraph 2.

11. The alimony was awarded pursuant to New Mexico statutes relating to spousal support, NMSA § 40-4-7(E)(1-10). See, Exhibit D, paragraph 10.

12. In addition to her share of several retirement accounts, the Plaintiff was awarded an Equalization Payment of $145,000, Exhibit A, Section VI.

13. The retirement funds that were awarded to the Plaintiff, but later disbursed by the Debtor, were awarded pursuant to Article III, Section A, of the MSA, the provision entitled "Division of Property."

14. The Plaintiff incurred over $100,000 in attorney fees from the Atkinson and Kelsey law firm during the divorce. Collectively, the parties incurred over $200,000 in attorney fees during the divorce proceeding.

15. Notwithstanding the amount spent on attorneys in the divorce proceeding, and the fact the Qualified Domestic Relations Orders are contemplated in Exhibit A, Article III(A)(8) and Exhibit C, Article V, no Qualified Domestic Relations Orders (QDROs) where prepared dividing the retirement assets.

16. The orders attached hereto as Exhibit A and Exhibit B, clearly fall within the provisions of Code § 523(a)(15) if they do not fall within the definition of a Domestic Support Order under Code § 523(a)(5).

II. Legal Argument

The Plaintiff has the burden of proving two things, *both* of which must be established if she is to prevail. (1) Both parties intended the obligation to be in the nature of support, and (2) the obligation was in substance support at the time of the divorce decree. *In re Sampson,* 997 F.2d 717, 725 (10th Cir. 1993); *see also, In re Charlton,* 2008 WL 5539789 *7 (Bankr. D. Kan. Dec. 3, 2008) (construing *Sampson*).

4

Even if the Plaintiff were to assert some subjective intent that the retirement accounts were support, the Plaintiff must prove that the obligations were in substance support. Although the courts will not find mere "labels" controlling, the federal courts do not merely disregard the clear, unambiguous meaning of documents that, in this case, evolved over 4 and one-half years of litigation and over $200,000 in attorney fees. The two separate documents, the MSA (Exhibit A) and the Decree (Exhibit C) "did more than simply label payments as alimony or property settlement; [they] exhibited a structured drafting that purported to deal with separate issues in totally distinct segments of the document[s] . . . ." *Sampson*, 997 F.2d at 723 (quoting *Tilley v. Jessee*, 789 F.2d 1074, 1078 (4th Cir.1986)).

The Court had a trial relating to the spousal support issue, and child support was separately addressed also. Exhibit C, Article II. The difficult issue of Alimony, which are discussed in the Alimony Guidelines attached as Exhibit E, was addressed in the trail courts findings of fact and conclusions of law in Exhibit D. The retirement accounts were awarded when the Plaintiff was less than 40 years old, well educated and in good health.

The Plaintiff has the burden of proving that the debt falls within Code § 523(a)(5). Further, "the judge must view the evidence presented through the prism of the substantive evidentiary burden" to be used at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986). Summary judgment is appropriate in favor of the Debtor in that there is no way the Plaintiff could prove that the obligation was "in substance" support at the time of the decree.

5

With regard to the Code § 523(a)(2), (4) or (6) claim, nothing is gained in this proceeding even if the Plaintiff were to prevail. In effect, that is a request for an advisory opinion or a request to answer a hypothetical question. 13 Wright & Miller, *Federal Practice* § 3529.1 n.13 (2010) (collecting cases). Nothing in the structure of Chapter 11 would provide any different result if the claim were nondischargeable because of §§ 523(a)(2), (4) or (6) as well as 523(a)(15). The Court should dismiss this claim without prejudice to it being raised in a context when the determination might have some impact on the outcome of the proceeding. Alternatively, the Court could hold the matter in abeyance or abstain from the determination under Code § 523(a)(2), (4) or (6) until the Plaintiff can demonstrate how such a determination could affect the outcome of this bankruptcy proceeding.

III. Conclusion

The Court should enter summary judgment that the complaint relates to an obligation that is nondischargeable under Code § 523(a)(15), rather than § 523(a)(5). Further, the Court should either dismiss, without prejudice, the issue under Code § 523(a)(2),(4) or (6), or abstain from such determination under equitable principles, until it can be demonstrated that such a determination could affect the outcome of this Chapter 11 proceeding.

Respectfully submitted,

*s/submitted electronically*
Don F. Harris
1120 Pennsylvania Street, NE
Albuquerque, NM 87110
505-299-4529
505-299-4524 (fx)
harrislaw@comcast.net

A copy of the foregoing will be electronically sent to Mike Daniels through the CMECF system.

>*s/electronically submitted*
>Don F. Harris